FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 13, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KATHERINE N., <br><br>  Plaintiff, <br><br>  v. <br><br> COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, <br><br>  Defendant. | No. 2:25-CV-00260-SAB <br><br> **ORDER AFFIRMING THE DECISION OF COMMISSIONER** |

Plaintiff brings this action seeking judicial review of the Commissioner of Social Security's final decision denying her application for social security benefits. Plaintiff is represented by Christopher Dellert. The Commissioner is represented by Franco Becia, Sarah Moum, and Brian M. Donovan. Pending before the Court is Plaintiff's Opening Brief, ECF No. 9, and the Commissioner's Brief, ECF No. 11.

After reviewing the administrative record and briefs filed by the parties, the Court is now fully informed. For the reasons set forth below, the Court affirms the Commissioner's decision.

**I.    Jurisdiction**

On September 2, 2021, Plaintiff filed an application for disability insurance benefits, alleging disability beginning December 4, 2020. Plaintiff's application

**ORDER AFFIRMING THE DECISION OF COMMISSIONER ~ 1**

was denied initially and on reconsideration. Plaintiff requested a hearing and on May 14, 2024, a telephonic hearing was held. Plaintiff appeared and testified before an ALJ, with the assistance of a non-attorney representative, Cheryl Mullins. Anne Jones, vocational expert, also participated. The ALJ found that Plaintiff was not disabled.

Plaintiff requested review by the Appeals Council and the Appeals Council denied the request on August 6, 2024. The Appeals Council's denial of review makes the ALJ's decision the "final decision" of the Commissioner of Social Security, which this Court is permitted to review. 42 U.S.C. §§ 405(g), 1383(c)(1)(3).

Plaintiff filed an appeal with the United States District Court for the Eastern District of Washington on July 21, 2025. ECF No. 1. The matter is before this Court pursuant to 42 U.S.C. § 405(g).

## II. Five-Step Sequential Evaluation Process

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant shall be determined to be under a disability only if their impairments are of such severity that the claimant is not only unable to do their previous work, but cannot, considering claimant's age, education, and work experiences, engage in any other substantial gainful work that exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). The Commissioner has established a five-step sequential evaluation process to determine whether a person is disabled in the statute. See 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v).

**Step One**: Is the claimant engaged in substantial gainful activities? 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). Substantial gainful activity is work

**ORDER AFFIRMING THE DECISION OF COMMISSIONER** ~ 2

done for pay and requires compensation above the statutory minimum. *Keyes v. Sullivan*, 894 F.2d 1053, 1057 (9th Cir. 1990). If the claimant is engaged in substantial activity, benefits are denied. 20 C.F.R. § 404.1520(b), 416.920(b). If the claimant is not, the ALJ proceeds to step two.

**Step Two**: Does the claimant have a medically-severe impairment or combination of impairments? 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). A severe impairment is one that lasted or must be expected to last for at least 12 months and must be proven through objective medical evidence. *Id.* §§ 404.1509, 416.909. If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. *Id.* § 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the impairment is severe, the evaluation proceeds to the third step.

**Step Three**: Does the claimant's impairment meet or equal one of the listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity? 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. 20 C.F.R. §§ 404.1520(d), 416.920(d). If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step.

Before considering to the fourth step, the ALJ must first determine the claimant's residual functional capacity. An individual's residual functional capacity is their ability to do physical and mental work activities on a sustained basis despite limitations from their impairments. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The residual functional capacity is relevant to both the fourth and fifth steps of the analysis.

**Step Four**: Does the impairment prevent the claimant from performing work they have performed in the past? 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant is able to perform their previous work, they are

**ORDER AFFIRMING THE DECISION OF COMMISSIONER ~ 3**

not disabled. 20 C.F.R. §§ 404.1520(f), 416.920(f). If the claimant cannot perform this work, the evaluation proceeds to the fifth and final step.

**Step Five**: Is the claimant able to perform other work in the national economy in view of their age, education, and work experience? 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). The initial burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett v. Apfel*, 108 F.3d 1094, 1098 (9th Cir. 1999). This burden is met once a claimant establishes that a physical or mental impairment prevents him from engaging in her previous occupation. *Id*. At step five, the burden shifts to the Commissioner to show that the claimant can perform other substantial gainful activity. *Id.*

### III.  Standard of Review

The Commissioner's determination will be set aside only when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole. *Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992) (citing 42 U.S.C. § 405(g)). Substantial evidence is "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 401 (1971), but "less than a preponderance," *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401.

A decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secr'y of Health & Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1988). An ALJ is allowed "inconsequential" errors as long as they are immaterial to the ultimate nondisability determination. *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006). The Court must uphold the ALJ's denial of benefits if the evidence is susceptible to more than one rational interpretation, one of which supports the decision of the administrative law judge. *Batson v. Barnhart*, 359 F.3d 1190, 1193 (9th Cir. 2004). It "must consider the entire record as a whole,

**ORDER AFFIRMING THE DECISION OF COMMISSIONER** ~ 4

weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion, and may not affirm simply by isolating a specific quantum of supporting evidence." *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017) (quotation omitted). "If the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ." *Matney*, 981 F.2d at 1019.

## IV. Statement of Facts

The facts have been presented in the administrative record, the ALJ's decision, and the briefs to this Court. Only the most relevant facts are summarized herein.

Plaintiff testified that since 2008, she experiences migraines that are excruciating and debilitating. Although she has a driver's license, she rarely drives because of her migraines. She testified she gets two bad migraines a month, but she has symptoms prior and after that last for days, including diarrhea, nausea, and she begins dropping things.

She testified she has difficulty remembering things and struggles with concentration and focus. While she used to be an avid reader, it is now difficult to finish a book.

She also testified she was in an accident in 2008, where she experienced a compression burst fracture in her LI. Because of this, she can only stand for a couple of minutes. She also has difficulty sitting because she experiences radiating pain. She suffers from PTSD as a result of the accident and has trouble sleeping.

Plaintiff worked in the Puget Sound Naval Shipyard. She obtained her GED and completed an apprenticeship as an electrician. After the accident in 2008, she worked in nuclear quality assurance.

At the time of the hearing, Plaintiff was living in an RV in Tonasket, Washington.

## V. The ALJ's Findings

The ALJ issued an opinion affirming denial of benefits. AR 17-29.

**ORDER AFFIRMING THE DECISION OF COMMISSIONER ~ 5**

At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since December 4, 2020, the alleged amended onset date. AR 19.

At step two, the ALJ identified the following severe impairments: migraine headaches; traumatic brain injury (TBI); tinnitus; stable L1 compression deformity with degenerative disc disease; cervical degenerative disc disease; neurocognitive dysfunction; and depressive disorder. AR 20.

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. AR 20. Ultimately, the ALJ concluded that Plaintiff has a residual function capacity ("RFC") to perform:

> light work as defined in 20 CFR 404.1567(b) except that the claimant has a sit/stand option every hour for five minutes to alleviate any pain or discomfort. The claimant does not leave the workstation, and does not impact off-task behavior or encourage off-task behavior. The claimant can frequently climb ramps or stairs. The claimant can occasionally climb ladders, ropes or scaffolds. The claimant can occasionally balance, stoop, kneel, crouch and crawl. The claimant is limited to frequent bilateral reaching in all directions. The claimant is to avoid concentrated exposure to industrial levels of vibration, industrial levels of noise, respiratory irritants and hazards. Work is limited up to detailed tasks, but is not highly paced or assembly line type work. The claimant would be missing one day of work a month.

AR 22.

At step four, the ALJ found that Plaintiff was capable of performing past work as an administrative clerk. AR 28. As such, Plaintiff was not disabled.

## VI. ISSUES

1. Whether the ALJ posed a proper hypothetical to the vocational expert;
2. Whether the ALJ addressed all of the limitations related to Plaintiff's migraines and triggers;
3. Whether the proper remedy is to remand for payment of benefits.

//

## VII. Discussion

**1. Whether the ALJ's RFC and hypothetical question was supported by substantial evidence**

Plaintiff argues the ALJ erred in using of the term "up to detailed tasks" in the RFC.

The ALJ did not err in using the term "up to detailed tasks" because a commonsense understanding of the term would be that Plaintiff can perform a range of tasks including those that are detailed. Both Dr. Kraft and Tomak concluded that Plaintiff could perform simple and detailed tasks and the ALJ relied on their opinions in forming the RFC. Moreover, the RFC reflected the limitations that were supported by the record.

**2. Plaintiff's Credibility**

At the heart of the ALJ's decision is its conclusion that Plaintiff provided inconsistent statements and exaggerated symptoms and therefore was not credible.

In determining whether a claimant's testimony regarding subjective pain or symptoms is credible, the ALJ engages in a two-step analysis. *Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014). "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Id.* (citation and quotation omitted). If the claimant satisfies the first step of the analysis, and there is no evidence of malingering, the ALJ can reject the claimant's testimony about the severity of their symptoms "only by offering specific, clear and convincing reasons for doing so." *Id*. (citation and quotation omitted). "This is not an easy requirement to meet: The clear and convincing standard is the most demanding required in Social Security cases." *Id*. (citation and quotation omitted). That said, if the ALJ's credibility finding is supported by substantial evidence in the record, the Court may not engage in second-guessing. *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002).

**ORDER AFFIRMING THE DECISION OF COMMISSIONER ~ 7**

Here, the ALJ provided specific, clear and convincing reasons for finding Plaintiff's symptom testimony not credible. The ALJ found Plaintiff provided inconsistent statements and exaggerated symptoms, which undermined the persuasiveness of her statements regarding the severity of her impairments, relying on the lack of corresponding objective clinical findings. For example, the ALJ noted Plaintiff's presentation to treating sources was not consistent with her presentation to evaluators who were involved in his disability application. Her allegations that she was unable to sit or stand for any significant amount of time were inconsistent with Plaintiff's presentation with treating sources, which documents normal and steady gait and ambulation and no difficulties with sitting or standing. Moreover, diagnostic imaging was within normal limits. In 2024, she told her doctor that her migraine headaches occur once month, and they had improved significantly in recent years since relocating and reducing stress, which was inconsistent with entries contained in her migraine diary.

Because the ALJ found Plaintiff to be not credible regarding her symptom testimony, the ALJ was not required to include all the limitations identified by Plaintiff in the RFC.

**VIII. Conclusion**

Considering the record as a whole, the Court finds the ALJ's disability determination is supported by substantial evidence.

Accordingly, **IT IS HEREBY ORDERED:**

1. For court management purposes, Plaintiff's Opening Brief, ECF No. 9, is **DENIED**.

2. For court management purposes, the Commissioner's Brief, ECF No. 11, is **GRANTED**.

3. The decision of the Commissioner is **AFFIRMED**.

//

//

**ORDER AFFIRMING THE DECISION OF COMMISSIONER** ~ 8

4. Judgment shall be entered in favor of the Commissioner and against Plaintiff.

**IT IS SO ORDERED**. The District Court Executive is hereby directed to file this Order, provide copies to counsel, and **close** the file.

**DATED** this 13th day of January 2026.



Stan Bastian
Chief United States District Judge

**ORDER AFFIRMING THE DECISION OF COMMISSIONER** ~ 9